UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLLEEN HAMPTON, <br><br> Plaintiff, <br><br> v. <br><br> ROBERT WILKIE, SECRETARY, <br> DEPARTMENT OF VETERANS AFFAIRS, <br><br> Defendant. | CAUSE NO. 1:19-CV-466 DRL-SLC |

OPINION & ORDER

Colleen Hampton has filed a motion to amend her original *pro se* complaint. The Department of Veterans Affairs opposes the amendment, arguing that Ms. Hampton is seeking to add a futile claim under the Whistleblower Protection Act, 5 U.S.C. § 2302 *et seq.* The court grants the motion to amend.

BACKGROUND

Ms. Hampton, an African American woman, formerly worked as a human resources specialist for the Department of Veterans Affairs at its Northern Indiana Health Care System in Fort Wayne, Indiana. The Department hired her on April 19, 2015 but later terminated her employment on December 25, 2015. The proffered reason for termination was "unacceptable conduct," though Ms. Hampton believes that she was fired for discriminatory reasons. Ms. Hampton completed an EEO complaint and filed a formal complaint of discrimination in early 2016. She received her right to sue letter in August 2019 and filed suit against the Department in November 2019.

STANDARD

"Leave to amend is to be 'freely given when justice so requires.'" *Liu v. T&H Machine*, 191 F.3d 790, 794 (7th Cir. 1999) (quoting *Payne v. Churchich*, 161 F.3d 1030, 1036 (7th Cir. 1998) and Fed. P. Civ. P. 15(a)). However, "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there

is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.*

DISCUSSION

There are two issues before the court: (1) whether the amended complaint can be fairly read to add a claim under the Whistleblower Protection Act (WPA); and (2) if so, whether this claim should be disallowed as futile.

With little explanation, the Department asserts that an allegation in the amended complaint arises under the WPA. It then argues why this claim should be dismissed as futile. However, the court doesn't read Ms. Hampton's amended complaint as adding a claim under the WPA.

In her original complaint, Ms. Hampton alleged that she was "wrongfully terminated and [she] was subjected to harassment, hostile work environment based on race and reprisal" (ECF 1 at 2). In her earlier EEO complaint, Ms. Hampton listed "reprisal" as one of the bases for her termination and next to it explained, "I was terminated for whistleblowing" (ECF 1 at 52). From the beginning, Ms. Hampton has intended to pursue a claim for reprisal based on her "whistleblowing." Title VII provides a cause of action for reprisal claims. *See* 42 U.S.C. § 2000e-3(a). She likewise has brought this action for employment discrimination under Title VII.

In her amended complaint, now filed with the assistance of counsel, Ms. Hampton alleges that "in reality the Defendant discriminated against, harassed and retaliated against her due to her color/race (black / African American), sex (female), and/or for 'whistleblowing' and objecting to discriminatory conduct, in violation of her federally protected rights under Title VII" (ECF 26-1, ¶ 11).[1] The Department seems to argue that, by throwing in the word "whistleblowing," Ms. Hampton is seeking to add a claim under the WPA. However, in the amended complaint, Ms. Hampton makes no mention of the WPA. Instead, in the same sentence, she reaffirms that this action arises under Title

---

[1] The Department does not oppose Ms. Hampton's addition of the sex discrimination allegation.

VII. She provides other signaling in the amended complaint that this is a Title VII action; for example, she alleges that the Department of Veterans Affairs is "an 'employer' for the purposes of Title VII" (ECF 26-1 ¶ 2).

Based on the amended complaint, Ms. Hampton's only "whistleblowing" was that "[s]hortly prior to her termination, [she] informed one of her supervisors that she was going to report the discriminatory mistreat[ment] to which she was subjected" (ECF 26-1 ¶ 9). Any reprisal based on this act gives rise to a plausible claim under Title VII. *See* 42 U.S.C. § 2000e-3(a). Furthermore, "for federal employees claiming discrimination on the basis of [a protected class under Title VII] (as well as reprisal for complaining about discrimination), Title VII is the exclusive judicial remedy." *Malekpour v. Chao*, 682 Fed. Appx. 471, 475-76 (7th Cir. 2017). This hammers home what Ms. Hampton's amended complaint really is—an action under Title VII, and not under the WPA. Put another way, the court believes that Ms. Hampton used the word "whistleblowing" in a more colloquial sense to describe her Title VII reprisal claim, not in a way to trigger an entirely separate cause of action.

If the court were to instead construe the amended complaint as adding a claim under the WPA, it would dismiss the claim as futile. Again, Title VII is the exclusive judicial remedy for this type of claim. *See id.* Aside from that, the WPA doesn't provide for review by this court. *See, e.g.*, *Gibbs v. Jewell*, 36 F. Supp.3d 162, 166-67 (D.D.C. 2014) (citations omitted) ("Under no circumstances does the WPA grant the District Court jurisdiction to entertain a whistle-blower cause of action brought directly before it in the first instance."). For these reasons, Ms. Hampton's factual allegation regarding reprisal, even when construed in the light most favorable to her, doesn't state a plausible claim for relief under the WPA, but may proceed under Title VII.

CONCLUSION

Because "[l]eave to amend is to be 'freely given when justice so requires[,]'" *Liu*, 191 F.3d at 794, and the court sees no reason to deny leave to amend, the court GRANTS Ms. Hampton's motion for leave to amend her complaint (ECF 26) and ORDERS the clerk to docket the amended complaint separately so that the case may proceed on the basis of this pleading.

SO ORDERED.

January 28, 2021                                                   *s/ Damon R. Leichty*
                                                                   Judge, United States District Court